**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**JULY 23, 2008**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **In Re: JOE L. THOMAS**,<br><br>Debtor. | Case No.: 07-15888 (DHS)<br><br>Adv. No.: 07-02558 (DHS)<br><br>Judge: Donald H. Steckroth, U.S.B.J. |
| **JOE L. THOMAS**,<br><br>Plaintiff,<br><br>v.<br><br>**DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE**,<br><br>Defendant. | |

**OPINION**

**APPEARANCES:**

United States Department of Justice
Duston K. Barton, Esq.
Trial Attorney, Tax Division
P.O. Box 227
Benjamin Franklin Station
Washington, D.C. 20044
***Counsel for the Internal Revenue Service***

Middlebrooks Shapiro & Nachbar, P.C.
Melinda D. Middlebrooks, Esq.
1767 Morris Avenue, Suite 2A
Union, New Jersey 07083
***Counsel for Debtor Joe L. Thomas***

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is a motion for summary judgment filed by the Department of the Treasury, Internal Revenue Service (hereinafter "IRS") seeking dismissal of the instant adversary complaint filed by Joe L. Thomas (hereinafter "Debtor" or "Plaintiff") on the following grounds: (i) the IRS properly notified the Debtor of the federal tax liens pursuant to 26 U.S.C. § 6320; (ii) Section 507(a)(8) of the Bankruptcy Code is inapplicable to the IRS's secured claim; and (iii) the Debtor misconstrued the perfection requirements for federal tax liens. In opposition, the Debtor contended that: (i) the IRS failed to properly perfect the federal tax lien; (ii) the IRS Proof of Claim arising from tax years ending December 31, 2001, 2002, 2004 should be modified from secured to general unsecured claims pursuant to Section 507(a)(8) as they are outside of the three-year "look back" period; and (iii) the Debtor did not receive the Notice of Federal Tax Liens.

For the reasons stated hereafter, the IRS's motion for summary judgment is hereby granted. The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

**Statement of Facts and Procedural History**

The Debtor, Joe L. Thomas, filed a voluntary petition for Chapter 11 bankruptcy protection on April 30, 2007. The IRS filed a Proof of Claim for $2,035,999.08 on May 8, 2007. *Id.* at ¶ 4. At that time, Debtor's Counsel was advised by the Debtor's pre-petition accountants that notices of federal tax liens were not served upon the Debtor or his accountants. *See Certification of Melinda*

3

*D. Middlebrooks, Esq. In Support of the Objection on Behalf of Plaintiff Joe L. Thomas to the Motion for Summary Judgment ("Middlebrooks Cert.")*, at ¶ 2. On November 15, 2007, the Debtor commenced the instant adversary proceeding against the IRS to determine the validity, priority, and extent of the IRS's liens pursuant to Sections 101 and 545 of the Bankruptcy Code and Bankruptcy Rule 7001.

The Proof of Claim indicates that the total amount of the claim is as follows: (i) $1,846,869.87 is secured; (ii) $157,086.69 is a priority claim; and (iii) $32,042.52 is unsecured. *See Objection on Behalf of Plaintiff ("Pls. Obj.")*, at Exhibit A. Furthermore, the secured liability exclusive of penalties and pre-petition interest is: (i) $801,746.28 for the tax period ending December 31, 2001 ("2001 Tax"); (ii) $192,712.00 for the tax period ending December 31, 2002 ("2002 Tax"); and (iii) $109,930.00 for the tax period ending December 31, 2004 ("2004 Tax"). *Id.*, at Exhibit B; *Middlebrooks Cert.* at ¶ 7. The Debtor submits that the IRS first filed a "Notice of Tax Lien" on November 3, 2003 in Bergen County, New Jersey and New York County, New York. *Middlebrooks Cert.* at ¶ 8. However, the Proof of Claim attached to the Debtor's Objection states that the Notice of Tax Lien filed on November 3, 2003 was with respect to the 2001 Tax. *See Pls. Obj.*, at Exhibit B. Subsequently, Notices of Tax Lien were filed in Bergen County on April 5, 2004 and October 31, 2006 for the 2002 Tax and the 2004 Tax, respectively. *Id.*

In its certification accompanying the instant motion, the IRS details its efforts to file and serve the Notice of Federal Tax Lien upon the Debtor. For the 2001 Tax, the IRS states that it filed its Notice in New York County and Bergen County on October 22, 2003 and served the Debtor via certified mail on October 27, 2003. *Declaration of Gertrude Maughan ("Maughan Decl.")*, at ¶¶

4

2-5.[1] On March 9, 2004, the IRS filed the Notice in Bergen County for the 2002 Tax and served such Notice on the Debtor on March 12, 2004 via certified mail. *Id.* at ¶¶ 6-7. On October 24, 2006, the IRS filed a Notice in Bergen County for the 2004 Tax and served the Notice on the Debtor on October 31, 2006. *Id.* at ¶¶ 8-9.

In the certification accompanying Debtor's Objection, Counsel to the Debtor certifies that upon searches of the certified mail numbers for the various letters sent with the Notices, the United States Postal Service records indicate that there was no record of the letters being mailed or received. *See Middlebrooks Cert.*, at ¶¶ 13-18. Specifically, Counsel for the Debtor submits that identical certified mail numbers were used for letters mailed on October 17, 2003 and October 27, 2003. *Id.* at ¶ 16. Additionally, the zip code for Saddle River, where the Debtor had real property, was incorrect. *Id.* at ¶ 17. Thus, the Debtor argues that the Notices of Federal Tax Liens were never received (even if mailed). The Debtor's accountants pre- and post-petition, Wlodinguer, Erk & Chanzis, corroborate the Debtor's assertion. *See Certification of Arthur Erk, CPA In Support of Plaintiff's Objection ("Erk Cert.")*, at ¶ 7.

**Discussion**

The issues for the Court to consider in the instant motion are: (i) whether the tax liens were properly perfected; (ii) whether the Debtor received notice of the federal tax liens; and (iii) whether the tax liens satisfy the requirements of Section 507(a)(8) allowing for a modification of the tax claim from a secured to either a priority or general unsecured claim. The Court will address these issues in turn below.

---

[1] Gertrude Maughan is a Revenue Officer for the Internal Revenue Service.

**I.     Summary Judgment Standard**

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* At the summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." *Knauss v. Dwek*, 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The court must construe facts and inferences in a light most favorable to the non-moving party. *See Am. Marine Rail NJ, LLC v. City of Bayonne*, 289 F. Supp. 2d 569, 578 (D.N.J. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). "Only evidence admissible at trial may be used to test a summary judgment motion. Thus, evidence whose foundation is deficient must be excluded from consideration." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 471 (3d Cir. 1989) (citations omitted).

The moving party must make an initial showing that there is no genuine issue of material fact. *See Knauss*, 289 F. Supp. 2d at 549 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party to "'make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial.'" *Cardenas v. Massey*, 269 F.3d 251, 254-55 (3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.*, 477 U.S. at 322). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*,

477 U.S. at 247-48 (emphasis in original). An issue of fact is "genuine" if a reasonable juror could return a verdict for the non-moving party. *See id.* at 248. Furthermore, a material fact is determined by the substantive law at issue. *See Crane v. Yurick*, 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing *Anderson*, 477 U.S. at 248). A fact is "material" if it might affect the outcome of the suit under governing law. *Id.* Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 248 (citation omitted).

However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. *Id.* at 248-50. Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. *See Celotex Corp.*, 477 U.S. at 322-23. When one party moves the court for summary judgment, Federal Rules of Civil Procedure 54(c) and 56, taken together, permit the court to enter summary judgment on behalf of the non-movant, even if the non-movant has not filed a cross-motion for summary judgment. *See Peiffer v. Lebanon Sch. Dist.*, 673 F. Supp. 147, 151-52 (M.D. Pa. 1987) (citation omitted). On the other hand, a court must deny a motion for summary judgment when a genuine issue of material fact remains to be tried, or where the moving party is not entitled to a judgment as a matter of law.

**II.   Perfection of Federal Tax Liens**

Section 6321 of the Internal Revenue Code, found at Title 26 of the United States Code, provides:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United

> States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321 (2008). Furthermore, Section 6322 provides that the lien against the delinquent taxpayer's property arises at the time the IRS the assessment is made. 26 U.S.C. § 6322 (2008); *see United States v. Jamas Day Care Ctr. Corp.,* 04-4586, 2005 U.S. App. LEXIS 22886, at *4 (3d Cir. October 21, 2005); *United States v. Green*, 201 F.3d 251, 253 (3d Cir. 2000); *Pittsburgh Nat'l Bank v. United States,* 657 F.2d 36, 38 (3d Cir. 1981). An assessment is the recording of the taxpayer's liability with the Secretary. 26 U.S.C. § 6203 (2008). Federal tax liens attach to all property of the taxpayer at the time of assessment. *See* 26 U.S.C. § 6321; *United States v. Kudasik*, 21 F. Supp. 2d 501, 506 (W.D. Pa. 1998).

In the instant matter, the IRS acknowledged at the hearing it made the assessment using the Debtor's calculation of income tax owed as set forth on his filed tax returns. The IRS further noted that it had no dispute as to the amount owed. Despite the Debtor's contentions, the IRS's liens were created and attached at the time of the filed assessment by the IRS. Thus, the liens are validly perfected. *See* 26 U.S.C. § 6303 (2008).

### III.    Proper Notice of Federal Tax Liens

Upon the filing of a tax lien, the IRS must provide notice of the lien and specific information to the taxpayer pursuant to Section 6320(a), which specifically states:

> (2) Time and method for notice. The notice required under paragraph (1) shall be–
>
> > (A) given in person;
> > (B) left at the dwelling or usual place of business of such person; or
> > (C) sent by certified or registered mail to such person's last known address, not more than 5 business days after the day
>
> of

>> the filing of the notice of lien.
>
>> (3) Information included with notice. The notice required under paragraph (1) shall include in simple and nontechnical terms–
>
>>> (A) the amount of unpaid tax;
>>> (B) the right of the person to request a hearing during the 30-day period beginning on the day after the 5-day period described in paragraph (2);
>>> (C) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals; and
>>> (D) the provisions of this title and procedures relating to the release of liens on property.

26 U.S.C. § 6320 (2008). The IRS employed the notice method under Section 6320(a)(1)(C) by sending Notices of Federal Tax Lien to the Debtor at his last known address. The parties dispute whether such notice was actually received. However, a plain reading of the relevant Internal Revenue Code sections shows that the IRS's compliance with the notice requirements turns simply upon the filing and mailing of the Notice of Federal Tax Lien. *See Walker v. United States*, 04-5448, 2008 U.S. Dist. LEXIS 15568, at *13-14 (D.N.J. February 29, 2008).

In *Walker*, the plaintiff argued that he failed to receive the IRS's notice of revocation and thus the government failed to comply with 26 U.S.C. § 6325(f)(2)(A). Section 6325(f)(2)(A)'s notice requirements are verbatim those of Section 6320(a), the applicable Internal Revenue Code section in the instant matter. *Compare* 26 U.S.C. § 6320(a) *with* 26 U.S.C. § 6325(f)(2)(A) (2008). The *Walker* Court held that Section 6325(f) only requires the revocation notice to be mailed to the taxpayer's last known address without any further requirement that such notice is received. *See Walker*, 2008 U.S. Dist. LEXIS 15568, at * 13-14. Although revocation notices are not at issue in the instant matter, the notice requirements for the imposition of a federal tax lien derive from the same statutory language and principles of statutory construction require the same meaning to be

applied to both. Any different reading of Section 6320(a) would lead to a dichotomous result within the Internal Revenue Code.

Moreover, the Code of Federal Regulations further elaborates upon the IRS's obligations to notify the taxpayer of a federal tax lien. Specifically 26 C.F.R. § 301.6320-1(a)(2) provides a question and answer section which states:

> A [Notice of Federal Tax Lien ("NFTL")] becomes effective upon filing. The validity and priority of a NFTL is not conditioned on notification to the taxpayer pursuant to section 6320. Therefore, the failure to notify the taxpayer concerning the filing of a NFTL does not affect the validity or priority of the NFTL. When the IRS determines that it failed properly to provide a taxpayer with a [Collection Due Process Hearing Notice ("CDP Notice")], it will promptly provide the taxpayer with a substitute CDP Notice and provide the taxpayer with an opportunity to request a CDP hearing.

IRS, Procedure and Administration Collection Lien for Taxes, 26 C.F.R. § 301.6320-1(a)(2) Q&A A-12 (2008), 26 CFR s 301.6320-1(a)(2) (LEXIS) (citations omitted). "[F]ailure to send proper notice after the filing of the lien does not invalidate the lien, but rather extends the time in which the taxpayer may file a CDP appeal." *Don Johnson Motors, Inc. v. United States*, 532 F. Supp. 2d 844, 858 n.4 (S.D. Tex. Brownsville Div. 2007) (citing 26 C.F.R. § 301.6320-1(a)(2) Q&A A-12). Therefore, even if an issue of fact exists as to receipt of notice, as the Debtor argues, the validity and priority of the tax lien is not affected; simply, the Debtor's time to request a hearing becomes an issue.

Additionally, the Debtor contends that his pre-petition accountants served as his agent for financial matters, therefore, the IRS was required to also send Notice of the Federal Tax Liens to their attention. The Debtor's argument is misplaced as the IRS is only obligated to notify the delinquent taxpayer pursuant to Section 6320. Section 6321 clearly states that the IRS will provide

notice to the "person" who refuses or neglects to pay a tax liability. "'Person' is defined as the person liable to pay the tax due after notice and demand who refuses or neglects to pay the tax due (i.e., the taxpayer. The taxpayer, and only the taxpayer, is entitled to notice." *Don Johnson Motors, Inc. v. United States,* 532 F. Supp. 2d 844, 860 (S.D. Tex. Brownsville Div. 2007) (citing 26 C.F.R. § 301.6320-1(a)(2) Q&A A-1 & A-7). Thus, whether the Debtor's accountants were entitled to receive notice is not at issue.

Lastly, Arthur Erk, in his certification accompanying the Debtor's opposition to the instant motion, stated that he had personal communications with the IRS on an ongoing basis with respect to negotiations addressing the Debtor's tax liability for the relevant time periods. Participation in the IRS's offer of compromise process "necessarily imports prior notice." *United States v. Berk*, 374 B.R. 385, 394 (D. Mass. 2007). Clearly, the Debtor's argument at the hearing that formal written demand was required is incorrect. As the Debtor's accountants admittedly engaged in negotiations with the IRS on the Debtor's behalf, the Debtor had sufficient demand for payment and notice of the federal tax liens.

**IV.    Modification of Proof of Claim Pursuant to Section 507(a)(8) of the Bankruptcy Code**

Finally, the IRS argues that the Debtor's reliance upon Bankruptcy Code Section 507(a)(8) is misplaced and the IRS's liens retain their secured status, while the Debtor contends that due to the application of the "three-year look back" period, the IRS's claims should be modified to general unsecured claims. Section 507 of the Bankruptcy Code provides the priority for claims distribution with subsection (a)(8)(i) applying specifically to allowed unsecured claims of governmental units. Such claims are for taxes "measured by income or gross receipts for a taxable year ending on or before the Petition Date. . . .for which a return. . . .is due, [inclusive of] extensions, after three years

11

before the date of the filing of the petition." 11 U.S.C. § 507(a)(8)(i) (2008). A plain reading of Section 507(a)(8) clearly shows that it is applicable to allowed unsecured claims and has no relevance to secured claims.

The filing of a Notice of Federal Tax Lien prior to the Petition Date provides the IRS with a secured claim to the extent of value of the property upon which the lien attaches. *See United States v. TM Building Prods., Ltd.*, 231 B.R. 364, 370-71 (S.D. Fla. 1998) *distinguished on other grounds in Herckner v. United States*, 2005 U.S. Dist. LEXIS 8539, at *5 (D.N.J. March 18, 2005) (holding that secured claims of the IRS may not simultaneously be treated as a priority unsecured claim); *Secured Tax Claims and Priority of Tax Claims, Bankruptcy Taxation*, 15-TX4 COLLIER ON BANKRUPTCY P TX4.04, (Lawrence P. King, ed., 15th ed. rev.) (2007). "The presence or absence of a recorded Notice of Federal Tax Lien at the time a petition for Chapter 11 is filed will control how a claim. . . .is treated in bankruptcy." *United States v. TM Building Prods.*, 231 B.R. at 370-371 (citing *United States v. Creamer*, 195 B.R. 154, 156 (M.D. Fla. 1996); *In re Reichert*, 138 B.R. 522, 526-27 (Bankr. W.D. Mich. 1992)). Here, the IRS timely filed Notices of Federal Tax Liens for 2001, 2002, and 2004 pre-petition; thus, the IRS retains secured claims against the Debtor and these may not be modified to allowed unsecured claims with priority status. *See id.* at 371.

**Conclusion**

For the reasons stated above, the IRS's motion for summary judgment is hereby granted. The adversary complaint in the instant matter is hereby dismissed. An Order in conformance with this Opinion has been entered by the Court and a copy is attached hereto.

/s/   *Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: July 23, 2008